UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

   - Against-                                                 AFFIRMATION IN
                                                        SUPPORT OF MOTION

ALBELARDO LONGAS,
        AND                                                   S1 07 CR 315
HENRY PALTA,
           DEFENDANTS.
----------------------------------------------------------X

      SUSAN J. WALSH, Esq. hereby affirms under penalty of perjury pursuant to 28 USC 1746 the following:

1. I am the attorney for the defendant HENRY PALTA ("Palta") in the above captioned matter and am familiar with the facts and circumstances of this case.

2. I make this affirmation in support of a motion to suppress oral statements allegedly made by Palta while in custody on April 23, 2007.

3. The primary basis for the instant motion comes from discovery provided to date, specifically, the U.S. Dept. of Justice DA Form annexed as Exhibit A. Palta has not received notice of any other statements.

4. I make this affirmation based on information and belief, the sources of which are conversations with individuals in a position to know the facts including the defendant and my review of the discovery materials

provided to date and investigation into the facts and circumstances of this case.

5. The factual and legal arguments advanced in support of the relief sought in the accompanying Notice of Motion are included in the Memorandum of Law.

6. Palta was charged in an indictment alleging a conspiracy to violate 18 U.S.C. 1956 (a)(1)(B)(i), money laundering from on or about 1999 up through and including July 6, 2005 in the Southern District of New York.

7. On April 23, 2007 pursuant to an arrest warrant, special agents located and arrested Palta outside his residence 0-29 115th St., College Point, Queens without incident. (Exhibit A).

8. The agents claim to have "Mirandized" Palta after his arrest and than transported him to New Jersey to the "New Jersey Division" presumably of the DEA. There does not appear to have been any waiver of the rights "Mirandized," or any suggestion that if there was, it was knowing and voluntary.

9. Palta was transported all the way from his home in Queens to New Jersey by car with the special agents.

10. The agents do not appear to claim to have "Mirandized" Palta again after the trip.

11. Agents played a tape of a telephone call placed on or about July 6, 2005 to Palta and specifically questioned him about it. (*Id.*).

12. Palta responded to the agents questions, identifying inter alia, his own voice on the tape. (*Id.*).

13. Even assuming arguendo that rights were read and Palta understood the Miranda rights and waived them, the time lapse and travel from Queens to New Jersey rendered the warnings stale. There is no indication that the warnings were renewed by the agents at the New Jersey DEA office.

**WHEREFORE,** based on the facts set froth herein, the attached exhibit and the Memorandum of Law submitted herewith, it is respectfully requested that this Court enter an Order suppressing all statements made by Palta on April 23, 2007 or alternatively order a hearing on the issues raised herein and for any other and further relief that this Court deems to be just and proper.

Dated:   New York, New York
         March 12, 2008

_____
Susan J. Walsh, (SW 9938)
Moskowitz and Book, LLP
1372 Broadway, Suite 1402

New York, New York 10018
(212) 221- 7999