UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,

  - against –

ALBELARDO LONGAS,
    a/k/a "Jairo"  and

HENRY PALTA,
                       Defendants.
-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PALTA'S MOTION TO SUPPRESS STATEMENTS

Defendant Henry Palta ("Palta"), respectfully submits this Memorandum of Law in support of his Motion to Suppress Statements.

### STATEMENT OF FACTS

Defendant Palta was indicted with one other co-defendant in an indictment alleging a conspiracy to commit money laundering in violation of 18 U.S.C. 1956(a)(1)(B)(i) from in or about 1999 until July 6, 2005. The indictment further alleges that in or about July 6, 2005 Defendant Palta spoke by telephone about a CC-1's attempt to take possession of approximately $580,000 in narcotics proceeds.

On April 23, 2007, pursuant to an arrest warrant, special agents located Palta outside his residence, 10-29 115th St., College Point, Queens at which time they

arrested him without incident. At some point thereafter, agents claim to have "Mirandized" Palta, however there is no assertion that Palta understood them or that he waived his rights. After his arrest, Palta was transported in custody by the agents to New Jersey. Apparently, at the New Jersey Division of DEA, at least two agents began questioning Palta. There is no suggestion that Palta was ever "re-Mirandized." Among other questions, the agents played a tape and asked Palta if he recognized voices on the recording. Palta responded to the agents questions in New Jersey identifying his own voice on the tape.

## ARGUMENT

In *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), the Supreme Court held that the prosecution is prohibited from using a statement made by the defendant during a custodial interrogation unless it can demonstrate "the use of procedural safeguards effective to secure the privilege against self-incrimination." In the absence of proof that defendant was given the "Miranda warnings" and knowingly and intelligently waived them "no evidence obtained as a result of interrogation can be used against him." *Id.* at 479. Furthermore, anyone in the custody of law enforcement and accused of a crime, no matter how minor a crime, must be given Miranda warnings prior to interrogation by law enforcement. *Berkemer v McCarty*, 468 U.S. 420, 434 (1984). A person is in custody and entitled to Miranda warnings when "a reasonable person in the suspect's shoes would not

have felt free to leave under the circumstances." *United States v. Ali*, 86 F.3d 275, 276 (2d Cir. 1996). Here, there is no question Palta was in custody. Moreover, there is no question that Palta was directly questioned. (*See,* Exhibit A). In addition, interrogation refers not only to express questioning, but also to any words or action on the part of law enforcement that they should know are reasonably likely to elicit an incriminating response from a suspect. *Rhode Island v. Innis*, 446 U.S. 291, 300-301 (1980). Not only was the defendant Palta directly questioned but the playing of a tape was clearly designed to elicit an incriminating response.

Finally, the timing of the warnings is something that the Court also need consider in determining the efficacy of the purported Miranda warnings.) Wyrick v. Fields, 459 U.S. 42 (1982) (a court should look at the totality of the circumstances to determine whether renewed warnings are necessary); *Zappulla v. New York*, 391 F.3d 462 (2d Cir. 2004*United States v. James*, 415 F.Supp. 2d 132, 153 (E.D.N.Y. 2006) (courts must analyze the time that elapses between the reading of the rights and the statements.)

In this case, the questioning without adequate knowing and voluntary waiver of rights, as well as the significant time lapse between the arrest in Queens and the questioning in New Jersey, raise serious questions as to the legality of the interrogation and whether the statements were illegally elicited.

## **CONCLUSION**

In sum, this Court should suppress the statements made by Palta in response to questioning or hold a hearing to determine the circumstances and admissibility of the statements, including but not limited to what warnings were given, when and whether the rights were knowingly and voluntarily waived and if so, whether the warnings were stale.

Palta also joins any motion by his codefendant to the extent such motions are consistent with his defense.

Dated:   New York, New York
         March 12, 2008

                                            Respectfully submitted,


                                            Susan J. Walsh